1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRANDON MICHAEL GAMINO,              Case No.  2:23-cv-02519-TLN-JDP (PS)

12             Plaintiff,                 **ORDER**

13       v.                               GRANTING PLAINTIFF'S APPLICATION
                                          TO PROCEED *IN FORMA PAUPERIS*
14   MICHAEL PEAR,
                                          ECF No. 2
15             Defendant.
                                          **FINDINGS AND RECOMMENDATIONS**
16
                                          THAT PLAINTIFF'S COMPLAINT BE
17                                        DISMISSED WITHOUT LEAVE TO AMEND

18                                        ECF No. 1

19                                        OBJECTIONS DUE WITHIN FOURTEEN
                                          DAYS
20

21

22         Plaintiff brings this action against Michael Pear, an "attorney/pro tem judge" who he

23   alleges presided over his traffic court and denied him the right to view a highway patrol officer's

24   body camera footage.  ECF No. 1.  Defendant is immune from suit, and plaintiff's claims are

     barred by the *Rooker-Feldman* doctrine.  I will recommend that plaintiff's compliant be dismissed
25
     without leave to amend.  I will grant his application to proceed *in forma pauperis*, ECF No. 2,
26
     which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).
27

28
                                          1

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that defendant, a pro tem judge, violated his rights by denying him the opportunity to view a highway patrol officer's body camera footage and by preventing him from speaking on record. ECF No. 1 at 4. This action fails because defendant is entitled to judicial immunity. *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368-70 (9th Cir. 1981) (pro tem

1   judge entitled to judicial immunity).  Additionally, plaintiff's suit runs afoul of the *Rooker-*

2   *Feldman* doctrine, which holds that federal courts lack appellate jurisdiction to review final state

3   court judgments.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) ("Under the

4   legislation of Congress, no court of the United States other than this court could entertain a

5   proceeding to reverse or modify the judgment for [constitutional] errors . . . .").  The doctrine

6   applies where, as here, plaintiff challenges a final traffic court judgment.  *See Herships v. Cantil-*

7   *Sakauye*, No. 17-cv-00473-YGR, 2017 U.S. Dist. LEXIS 81506, at *15 (N.D. Cal. May 26, 2017)

8   ("Thus, plaintiff's claims related to the state court's judgment against him and subsequent

9   suspension of his driver's license are barred by the *Rooker-Feldman* doctrine.").

10          Accordingly, it is hereby ORDERED that plaintiff's application to proceed for leave to

11  proceed *in forma pauperis*, ECF No. 2, is granted.

12          Further, it is RECOMMENDED that:

13          1.  Plaintiff's complaint be dismissed without leave to amend.

14          2.  The Clerk of Court be directed to close the case.

15          These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

20  objections shall be served and filed within fourteen days after service of the objections.  The

21  parties are advised that failure to file objections within the specified time may waive the right to

22  appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*

23  *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24

25  IT IS SO ORDERED.

26

27  Dated:   __March 15, 2024__                                    _____

28                                                                JEREMY D. PETERSON
                                                                  UNITED STATES MAGISTRATE JUDGE